Guldemann vs. Lerdall.

---

GULDEMANN, Appellant, vs. LERDALL, Respondent.

*April 16 — May 3, 1898.*

*Appeal, review on: Discharge in insolvency.*

1. An order of court, dissolving an injunction by which the enforcement of a foreign judgment was restrained pending proceedings for the discharge of the defendant as an insolvent debtor, cannot be reviewed on appeal if the record contains neither the evidence nor the pleadings and papers on which such order was based.
2. Our law relating to assignments by insolvent debtors and their discharge (ch. 334, Laws of 1897) cannot operate to vacate judgments, nor to dissolve attachments, levies, or garnishments, in the courts of other states.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The facts of the case are stated in the opinion.

For the appellant the cause was submitted on the brief of *Fehlandt & Whelan.*

For the respondent there was a brief by *Buell & Hanks,* and oral argument by *C. E. Buell.*

CASSODAY, C. J.  It appears from the record that, at the times mentioned, the plaintiff resided in Dane county; that he was working in Chicago; that April 22, 1897, the defendant held a note against him for $134.13, and sent the same to Chicago for collection; that suit was brought thereon, and a judgment of $138.88 was recovered thereon before a justice of the peace; that June 19, 1897, the plaintiff filed his verified petition in the circuit court for Dane county for a discharge from his debts in pursuance of the statutes (R. S. 1878, secs. 4282–4306); that in such petition he stated under oath that he had no property of any kind, except household furniture to the amount of $200, which he claimed as exempt; that thereupon the court ordered his creditors to show cause, if any, September 20, 1897, why he should not be discharged from his debts, and due notice thereof was given; that July 30, 1897, upon affidavit and all the papers and proceedings in the matter, a court commissioner of said county made an order restraining the defendant from proceeding further with the collection of that judgment in Chicago; that August 10, 1897, upon affidavits and the records therein, the circuit court dissolved and set aside said injunctional order, with costs.  From that order, the plaintiff brings this appeal.

There is nothing in the record showing when the judgment was recovered in Chicago, nor when execution was issued thereon, nor whether any property of the plaintiff had been seized by virtue of such execution, much less that any exempt property had been seized or threatened to be seized thereon.  There is nothing to show upon what papers or evidence the trial court based the order appealed from, aside from the two affidavits mentioned.  Such being the state of the record, this court cannot say that there was any error in making the order appealed from, even if it were conceded that the plaintiff had no adequate remedy at law. But we perceive no reason why he did not have an adequate

remedy at law. Laws of 1897, ch. 334, cited by counsel, could not operate to vacate judgments, nor to dissolve attachments, levies, or garnishments, in the courts of other states.

*By the Court.*— The order of the circuit court is affirmed.